UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00153-MOC-DLH

| | | |
|---|---|---|
| **DEBORAH C. ERVIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **COMSERV, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Defendant Comserv, Inc.'s Partial Motion to Dismiss (#4). Defendant seeks to dismiss Plaintiff's claim for intentional infliction of emotional distress (Count II of the Complaint) as barred by the applicable statute of limitations. Plaintiff has filed a response (#8) indicating that she does not oppose the dismissal of the intentional infliction of emotional distress claim.

To survive a Rule 12(b)(6) motion to dismiss, a claimant must allege facts in his complaint that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations and citation omitted). A claimant must plead sufficient facts to state a claim for relief that is "plausible on its face." Id. at 570 (emphasis added). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). A complaint "need only give the defendant fair notice of what

the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). While a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level…" Bell Atlantic, 550 U.S. at 555.

Relevant to the instant motion, "statute of limitations defenses are properly raised by a motion for failure to state a claim 'if the time bar is apparent on the face of the complaint.'" Booker v. Potter, No. 1:08-CV-0011, 2009 WL 1033799, at *2 (M.D.N.C. Apr. 15, 2009) (quoting Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 473 (4th Cir. 2005)). See also Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) ("in the relatively rare circumstances where facts sufficient to rule on an affirmative defense [such as the defense that the plaintiff's claim is time-barred] are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)….if all facts necessary to the affirmative defense clearly appear *on the face of the complaint.*") (internal citations and quotations omitted) (emphasis in original).

Having considered the applicable legal authority, Plaintiff's claim does appear to be time barred. Plaintiff's claim for intentional infliction of emotional distress is governed by a three-year statute of limitations. See Dickens v. Puryear, 302 N.C. 437, 444, 276 S.E.2d 325, 330 n.8 (1981) ("No statute of limitations addresses the tort of intentional infliction of mental distress by name. It must, therefore, be governed by the more general three year statute of limitations [in N.C. Gen. Stat § 1-52]."); Doe v. Doe, 973 F.2d 237, 239 (4th Cir. 1992) (noting that "a plaintiff in North Carolina must bring a claim of emotional distress within three years of accrual"); Waddle v. Sparks, 331 N.C. 73, 85, 414 S.E.2d 22, 28 (1992) ("The statute of limitations for

intentional infliction of mental distress is three years."). All of the alleged events giving rise to the intentional infliction of emotional distress claim occurred in or before July 2011. Plaintiff alleges that she was wrongfully terminated from her employment on July 25, 2011 and that certain pre-termination events caused her to go "out on medical leave" for "stress related problems resulting from the harassment she was experience by management" around that time. See (Complaint at ¶ 21). The July 2011 termination serves as the basis of both Plaintiff's lawsuit generally and her intentional infliction of emotional distress claim specifically. See id. at ¶¶ 31-34. Plaintiff initiated this action on July 23, 2015. As such, her claim for intentional infliction of emotional distress falls well outside the applicable three-year statute of limitations. Accordingly, the court will dismiss Count II of the Complaint as time-barred.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Partial Motion to Dismiss (#4), which is unopposed by Plaintiff, is **GRANTED**, and Count II of the Complaint (#1), which asserts Plaintiff's claim for intentional infliction of emotional distress, is hereby **DISMISSED**.

Signed: December 28, 2015

Max O. Cogburn Jr.
United States District Judge